IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALPHONSE NIBBS**                                                                **PLAINTIFF**

vs.                                              No. 5:18-cv-1103

**TFS OILFIELD SERVICES, LLC; TEXAS
FUELING SERVICES, INC.; HANAN
TUCHSHNIEDER and MASON DUNCAN**                          **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Alphonse Nibbs ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants TFS Oilfield Services, LLC, Texas Fueling Services, Inc., Hanan Tuchshnieder and Mason Duncan (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

5. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

6. Plaintiff is a resident and citizen of Harris County. He was employed by Defendants a Frack Fuel Technician within the three (3) years preceding the filing of the Original Complaint.

7. Plaintiff was employed by Defendants from about July of 2016 until about March of 2017.

8. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

9. Defendant TFS Oilfield Services, LLC, is a limited liability company licensed to do business in the State of Texas.

10. TFS Oilfield Services, LLC's registered agent for service of process is Danny M. Sheena, 2500 West Loop South, Suite 518, Houston, Texas 77027.

11. Defendant Texas Fueling Services, Inc., is a corporation licensed to do business in the State of Texas.

12. Texas Fueling Services, Inc.'s registered agent for service of process is Danny M. Sheena, 2500 West Loop South, Suite 518, Houston, Texas 77027.

13. Defendant Hanan Tuchshnieder is an officer and member of TFS Oilfield Services, LLC. Tuchshnieder is a manager of TFS Oilfield Services, LLC, and at all times relevant hereto, had operational control over TFS Oilfield Services, LLC.

14. At all times relevant hereto, Tuchshnieder had the power to hire and fire employees of TFS Oilfield Services, LLC, and supervised and set wages and wage policies for TFS Oilfield Services, LLC, employees.

15. Tuchshnieder is an officer and director of Texas Fueling Services, Inc., and at all times relevant hereto, had operational control over Texas Fueling Services, Inc.

16. At all times relevant hereto, Tuchshnieder had the power to hire and fire employees of Texas Fueling Services, Inc., and supervised and set wages and wage policies for Texas Fueling Services, Inc., employees.

17. Defendant Mason Duncan is an officer and member of TFS Oilfield Services, LLC. Duncan is a manager of TFS Oilfield Services, LLC, and at all times relevant hereto, had operational control over TFS Oilfield Services, LLC.

18. At all times relevant hereto, Duncan had the power to hire and fire employees of TFS Oilfield Services, LLC, and supervised and set wages and wage policies for TFS Oilfield Services, LLC, employees.

19. Duncan is an officer and director of Texas Fueling Services, Inc., and at all times relevant hereto, had operational control over Texas Fueling Services, Inc.

20. At all times relevant hereto, Duncan had the power to hire and fire employees of Texas Fueling Services, Inc., and supervised and set wages and wage policies for Texas Fueling Services, Inc., employees.

21. TFS Oilfield Services, LLC, is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

22. Texas Fueling Services, Inc., is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

23. Tuchshnieder is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

24. Duncan is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

25. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

26. TFS Oilfield Services, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

27. Texas Fueling Services, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

28. Defendants' workers routinely use hard hats, oilfield equipment, fueling equipment, wrenches, and other tools, in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

### IV. FACTUAL ALLEGATIONS

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a Frack Fuel Technician.

31. Frack Fuel Technicians' primary duties were the physical labor involved in fueling up frack equipment at well sites, and these are the job duties that Plaintiff performed.

32. In addition, Plaintiff, working with equipment or material that moved across state lines or moving across state lines himself, drove, rode in, and/or effected the safe movement of a vehicle which weighed less than 10,001 pounds every week while working for Defendant.

33. Plaintiff was classified as an hourly employee for the entire duration of his employment with Defendants and was paid an hourly rate.

34. During his shifts, Plaintiff almost always worked in excess of forty (40) hours per week throughout his tenure with Defendants.

35. Plaintiff clocked in at the start of his shifts and clocked out at the end of his shifts via electronic software that was implemented and maintained by Defendants.

36. Plaintiff did not receive overtime compensation for all hours worked during weeks in which he worked more than forty (40) hours for Defendants.

37. Plaintiff was and is entitled to one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) in a week.

38. Defendants paid overtime compensation for some hours worked in excess of forty (40) hours per week but refused to pay Plaintiff for all hours worked over forty (40) per week, even though Defendants were aware of those additional hours worked.

39. Plaintiff's weekly work puts him within the Technical Corrections Act as it modifies the Motor Carrier Act. Plaintiff is entitled to overtime premiums.

40. Defendants knew, or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## V. FIRST CLAIM FOR RELIEF

84. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

85. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

86. Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

87. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

89. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  EQUITABLE TOLLING

105. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

106. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

107. Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and have been at all relevant times in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

108. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

109. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

110. Defendants failed to post all appropriate notices regarding the FLSA.

## VII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alphonse Nibbs respectfully prays as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF ALPHONSE NIBBS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone:  501) 221-0088
Facsimile: (888) 787-2040

By:     /s/ Josh Sanford
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com